**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Gil Melili, Esq. (SBN: 337116)
gil@kazlg.com
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**ZERMAY LAW, A.P.C.**
Zachary Z. Zermay (SBN: 330221)
zach@zermaylaw.com
3000 Coral Way, Suite 1115
Coral Gables, FL 33145
Telephone: (310) 752-9728
Facsimile: (844) 894-6204

[Additional Counsel On Signature Page]

*Attorneys for Plaintiff,*
Lisa Remus

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA REMUS, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>SHOES WEST, INC. d/b/a TAOS FOOTWEAR,<br><br>　　　　　　　Defendant. | **Case No.:** 2:23-cv-07062<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. LISA REMUS ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SHOES WEST, INC. d/b/a TAOS FOOTWEAR ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA") and related regulations, thereby invading Plaintiff's privacy, specifically for claims under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

2. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including as to investigations conducted by her attorneys.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction because this case arises out of violations of the TCPA. *See* 28 U.S.C. § 1331.

4. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the County of Los Angeles, State of California, as not only does Defendant regularly conduct business throughout the State of California, but also Defendant's Principal Place of Business is in the County of Los Angeles.

## PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

6. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters is located at 18701 S. Figueroa St., Gardena, California 90248, and

whose agent for service of process is located at 23901 Calabasas Rd., Suite 2006, Calabasas, California 91302.

7. Defendant is, and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39).

8. Plaintiff alleges that, at all times relevant herein, Defendant has regularly conducted business in the State of California and in the County of Los Angeles, and within this judicial district.

## FACTUAL ALLEGATIONS

9. At all times relevant hereto, Plaintiff was a citizen of the State of Florida. Plaintiff is, and at all times mentioned herein was, a "person," as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, a Corporation and a "person," as defined by 47 U.S.C. § 153(39).

11. At all times relevant hereto, Defendant has been located and has conducted business in the State of California and in the County of Los Angeles, within this judicial district.

12. Plaintiff's cellular telephone number ending in 1799 was added to the National Do-Not-Call Registry on February 15, 2007.

13. Plaintiff is assigned the cellular telephone number ending 1799 (the "1799 Number"), which Plaintiff regularly uses for personal purposes to communicate via call or text message, including while she is at home.

14. Defendant has sent multiple text messages from the SMS Short Code, 72848, to the 1799 Number,[1] commencing on September 22, 2022.

---

[1] According to the Federal Communications Commission's website, https://www.fcc.gov/consumers/guides/wireless-phones-and-national-do-not-call-list (last accessed Aug. 2, 2023), "[p]lacing telemarketing calls to wireless phones is - and always has been - illegal in most cases."

**CLASS ACTION COMPLAINT**

15. Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

16. Plaintiff received at least two (2) telephone solicitations from Defendant within a twelve (12) month period via text message.

17. In particular, Defendant sent Plaintiff the following unsolicited messages to the 1799 Number from the SMS Short Code, 72848:



18. The text messages each contained a web address that linked to a "Fall '22 Collection Today" provided by Defendant.[2]

---

[2] As of August 8, 2023, when a consumer clicks on the link https://taos.smsb.co/409dVg (which is the web link in the second text message that Defendant sent to Plaintiff), they are directed to Defendants' webpage reflected in the attached **Exhibit A**.

**CLASS ACTION COMPLAINT**



19. The text messages go on to state that Defendant is thankful that Plaintiff is a Taos customer, even though Plaintiff has never shopped with Defendant.

20. The text messages to the 1799 Number were addressed to someone named "Lucy" rather than "Lisa", which is Plaintiff's name.

21. The text messages have a commercial purpose in that Defendant benefits commercially from the marketing campaign on various levels, especially since its marketing campaign prompts individuals to click on links to its website, which then have the potential of driving Defendant's sale of goods and/or services on its website.

22. Plaintiff did not provide Defendant with her cellular telephone number at any point in time, nor did she give permission for Defendant to message it.

23. Plaintiff did not have an established business relationship with Defendant during the time of the telephone solicitations from Defendant.

24. Plaintiff did not have a personal relationship with Defendant at any point in time.

25. Plaintiff did not give Defendant prior express invitation or consent in writing for Defendant to message Plaintiff's personal cellular telephone for marketing or solicitation purposes.

26. Upon information and belief, Defendant willfully and/or knowingly made the telephone solicitations to Plaintiff's cellular telephone.

27. Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the laws and regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated (the "Class").

29. Plaintiff represents, and is a member of, the Class, consisting of:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 31 days, who received more than one telephone solicitation made by or on behalf of Defendant that promoted Defendant's goods and/or services, within any 12-month period, within the four years prior to the filing of the Complaint.

30. Defendant and its employees or agents are excluded from the Class.

31. Plaintiff does not know the number of members in the Class but believes the Class members number in the several hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

32. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their telephones, whether cellular telephones or otherwise, for solicitation purposes, thereby invading the privacy of Plaintiff and Class members whose cellular telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the Class members were damaged thereby.

33. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted and as facts are learned through further investigation and discovery.

34. The joinder of Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records and the National Do-Not-Call Registry.

35. There is a well-defined community of interest in the questions of law

and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members, including the following:

    a. Whether, within the four (4) years prior to the filing of this Complaint, Defendant or its agents placed more than one telephone solicitation to the members of the Class whose telephone numbers were on the National Do-Not-Call Registry and who had neither an established business relationship nor personal relationship with Defendant;

    b. Whether Defendant's telephone solicitations were made via text message to cellular telephone numbers;

    c. Whether the text messages were for marketing or solicitation purposes;

    d. Whether Defendant obtained prior express written consent to place telephone solicitations to Plaintiff or the Class members' telephones;

    e. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violations; and

    f. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

36. As a person who received two telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations to a number registered on the National Do-Not-Call Registry since 2007, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

37. Plaintiff and members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action,

the Class will continue to face the potential for irreparable harm. Additionally, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Given the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

38. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

39. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims in a single class action is likely to present significantly fewer difficulties than those presented if these claims were litigated in several smaller actions.

40. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION
## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227, *ET SEQ.*

41. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 64.1200(c).

43. As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

44. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## WILLFUL AND/OR KNOWING VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §§ 227, *ET SEQ.*

45. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple willful and/or knowing violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §§ 227, *et seq.*, including implementing regulation 47 C.F.R. § 65.1200(c).

47. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TCPA, 47 U.S.C. §§ 227, *ET SEQ.*

49. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for herself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

50. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

51. Costs of suit.

52. Pre- and post-judgment interest.

53. Reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine.

54. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR WILLFUL AND/OR KNOWING VIOLATIONS OF THE TCPA, 47 U.S.C. §§ 227, *ET SEQ*.

55. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(c), Plaintiff seeks for herself and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

56. Pursuant to 47 U.S.C. § 227(c)(5)(A), injunctive relief prohibiting such conduct in the future.

57. Costs of suit.

58. Pre- and post-judgment interest.

59. Reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine.

60. Any other relief the Court may deem just and proper.

### Trial By Jury

61. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 25, 2023         **KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
    Abbas Kazerounian, Esq.
    ak@kazlg.com
    *Attorneys for Plaintiff*

**Additional Plaintiff's Counsel**
**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, UT 847900
Telephone: (800) 400-6808
Facsimile: (800) 520-5523